

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HYUNDAI MOTOR COMPANY )
d/b/a HYUNDAI MACHINE TOOLS )
AMERICA, )
)
Plaintiffs, )
)
v. ) No. 04 C 7367
)
)
ILLINOIS NATIONAL INSURANCE )
CO., COSGRAVE VERGEER & )
KESTER, LLP., )
)
Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Cosgrave Vergeer & Kester LLP's ("Cosgrave") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) ("Rule 12(b)(3)"). For the reasons stated below, we grant the motion to dismiss pursuant to Rule 12(b)(3).

## BACKGROUND

Plaintiff Hyundai Motor Company ("Hyundai") alleges that it purchased a commercial liability insurance policy from Defendant Illinois National Insurance Co.

1

("INIC"). Hyundai claims that on April 5, 2000, Scott Groth ("Groth") was killed while operating a V-5 Vertical Lathe Machine made by Hyundai. Hyundai alleges that it informed INIC of the accident and INIC took control of Hyundai's prospective legal defense. On September 8, 2000, the estate of Groth filed a wrongful death action against Hyundai ("Groth action") and Hyundai alleges that INIC undertook the defense of Hyundai in the Groth action. INIC allegedly retained Cosgrave to defend Hyundai and Jeffrey Johnson ("Johnson") was the lead counsel.

Hyundai alleges that on October 3, 2002, less than a month before trial, the parties in the Groth action participated in a mediation. Hyundai claims that during the mediation, the judge recommended a settlement amount and INIC's own counsel, who was present at the mediation, recommended accepting the settlement demand, but INIC refused to agree to pay the recommended settlement amount. According to Hyundai, shortly after the failed mediation, INIC informed Hyundai that it was terminating the services of Johnson and Cosgrave because INIC had discovered that Johnson was allegedly not prepared for the upcoming trial and was attempting to obtain a settlement to avoid discovery of his lack of trial preparation.

Hyundai claims that at that juncture it demanded that INIC settle with the plaintiff in the Groth action for an amount within the policy limits. Hyundai claims that INIC refused to settle in the Groth action and after INIC fired Cosgrave, INIC retained new counsel. However, according to Hyundai, the new counsel resigned within a week. Hyundai alleges that INIC then rehired Johnson and Cosgrave

because it was unable to find other counsel for Hyundai. Hyundai claims that when the trial began in the Groth action, its counsel from Cosgrave was unprepared for the trial. Hyundai alleges, for example, that when the trial began, its defense accident reconstruction expert had not even viewed the pertinent evidence or taken the necessary measurements to support his opinions. Hyundai claims that its expert was forced to view the evidence, which was kept in the court room during the trial, during the lunch hours of the trial. In the Groth action, the jury returned a verdict of $2.4 million in compensatory damages against Hyundai and its co-defendant Ellison Machinery Company Northwest, and $8 million in punitive damages against Hyundai. Hyundai brought the instant action and includes in its complaint a breach of contract claim against INIC (Count I), a negligence claim and breach of fiduciary duty claim against INIC and Cosgrave (Count II), and an unfair claim settlement practices claim under Oregon statutory law against INIC (Count III). Cosgrave has filed the instant motion to dismiss seeking to have all claims against Cosgrave dismissed.

## DISCUSSION

Cosgrave argues that venue is improper pursuant to 28 U.S.C. § 1391 which provides in part the following:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The main basis underlying this entire action is the alleged malpractice committed by Cosgrave. The alleged acts and omissions of the malpractice by Cosgrave occurred in Oregon, rather than Illinois. The Groth trial occurred in Oregon and Cosgrave made its trial preparations in Oregon. Hyundai alleges a violation of an Oregon statute and does not allege any Illinois statutory violation. The declaration of John Y. Lee, which is attached to Hyundai's answer, indicates that INIC managed the Groth litigation from its offices in New York and California, rather than in Illinois. (Lee Decl. par. 29-30). The decision not to pay the settlement demand in the Groth action was made in New York rather than Illinois and the other litigation decisions for the Groth action were made in New York and California rather than in Illinois. (Lee Decl. Par. 31, 35). INIC has one witness for the Groth action located in California and the rest of its witnesses and its files pertaining to the Groth action are located in New York. (Lee Decl. Par. 25).

Hyundai argues that Cosgrave made contact with INIC in Illinois, that Johnson visited Illinois on one occasion to speak with Hyundai officials, and that INIC hired Cosgrave from Illinois. However, such facts are not sufficient to render Illinois a proper venue. Neither are we persuaded by Hyundai's argument that INIC controlled Cosgrave from Illinois. It is clear that "a substantial part of the events or omissions

4

giving rise to the" claims in the instant action, which overwhelmingly focus on the alleged malpractice in the Groth litigation, did not occur in Illinois and Illinois is not proper venue for this action. Hyundai should have filed the instant action in Oregon and should have known that Illinois was not a proper venue and therefore, we grant Cosgrave's motion to dismiss the instant action pursuant to 28 U.S.C. § 1406(a) since we do not find that justice requires a transfer of the action.

## CONCLUSION

Based on the foregoing analysis, we grant Cosgrave's motion to dismiss this action pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 12, 2005